IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **JANET L. SCHMIDT, AND**<br><br>**JOHN R. FERNSTROM, AS TRUSTEE OF WHITEACLE ASSET TRUST,**<br><br>  Plaintiffs,<br><br>  v.<br><br>**JUAN C. ANTUNEZ, AND**<br><br>**KIMBERLY MARTINEZ-LEJARZA,**<br><br>  Defendants. | Civil Action No.:<br><br>*Document Electronically Filed* |

## COMPLAINT

COMES NOW Plaintiffs, Janet L. Schmidt and John R. Fernstrom, as Trustee of Whiteacre Asset Trust and files this Complaint for Invasion of Privacy—Public Disclosure of Private Facts against Defendants Juan C. Antunez and Kimberly Martinez-Lejarza.

## PARTIES

Plaintiffs

1. Janet L. Schmidt is a citizen and resident of Delaware.

2. John R. Fernstrom, as Trustee of Whiteacre Asset Trust, is a citizen and resident of Delaware.

Defendants

3. Juan C. Antunez is a citizen and resident of Florida and a member of the Florida Bar. His address is 1012 Almeria Avenue, Coral Gables, Florida 33134.

4. Kimberly Martinez-Lejarza is a citizen and resident of Florida and a member of the Florida Bar. Her address is 16951 SW 80th Court, Palmetto Bay, Florida 33157.

## JURISDICTION

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship of the parties and the amount in controversy is more than $75,000.

## VENUE

6. The actions of Defendants that are the subject of this Complaint all occurred in Santa Rosa Country, Florida or Miami-Dade County, Florida.

## FACTS

7. On or about July 2, 2021, Plaintiffs removed a deed rescission action that had been filed against them in the District Court for Santa Rosa County, Florida to the U.S. District Court for the Northern District of Florida—Pensacola Division.

8. On or about August 31, 2021, Plaintiffs entered into a retainer agreement ("Retainer Agreement") with the Miami law firm of Stokes McMillan Antunez Martinez-Lejarza ("Law Firm") to, among other things, represent their interests as defendants in the above Federal litigation. Defendant Juan C. Antunez ("Atty. Antunez") and Defendant Kimberly Martinez-Lejarza (Atty. Martinez-Lejarza"), who are partners in the Law Firm, entered their appearances on plaintiffs' behalf in the Federal deed rescission action on September 13, 2021 and October 26, 2021, respectively.

9. On April 4, 2022, Plaintiffs' Federal deed rescission case was remanded back to the Santa Rosa County Circuit Court.

10. On or about April 29, 2022, Plaintiffs terminated their Agreement with the Law Firm, and Attys' Antunez and Martinez- Lejarza withdrew their appearances in Santa Rosa County Circuit Court. Shortly thereafter, a disagreement arose regarding fees that the Law Firm had billed to Plaintiffs.

11. Plaintiffs' Retainer Agreement with the Law Firm contained a provision that any billing disputes would be adjudicated in an arbitration conducted by the American Arbitration Association ("AAA").

12. On October 5, 2022 Atty. Antunez filed a "Commercial Arbitration Rule Demand for Arbitration" ("Arbitration Demand") with AAA.

13. The Arbitration Demand, which was verified in writing by Atty. Antunez, stated that his Retainer Agreement with Plaintiffs required arbitration under AAA's Commercial Rules, and that John R. Fernstrom, personally, was a party to that Agreement. Neither of those representations was true.

14. Atty. Antunez' Arbitration Demand included a copy of Plaintiffs' Retainer Agreement with the Law Firm and detailed copies of all of Plaintiff's bills, which contained descriptions of client conversations, research conducted, and litigation strategy.

15. Pursuant to the provisions of AAA's own rules, the fee dispute arbitration requested by Atty. Antunez is required to be conducted by AAA in a confidential manner.

16. Atty. Antunez' Arbitration Demand was accepted by AAA. Arbitration of the fee dispute that was sought by the Arbitration Demand is currently ongoing and a Final Hearing on that matter is set for July 9-10, 2024.

17. Despite having previously submitted his Arbitration Demand to AAA, on October 17, 2022, Atty. Antunez took the same Arbitration Demand that he had submitted to AAA in confidence and caused it to be filed in the docket of CASE NUMBER 572020CP000039 (IN RE: ESTATE OF VIOLA G. SCHMIDT) (Janet Schmidt's mother) that Ms. Schmidt is a party to in the Circuit Court of Santa Rosa County Florida.

18. Likewise, on October17, 2022, Atty. Antunez took the same Arbitration Demand that he had submitted to AAA in confidence and caused it to be filed in the docket of CASE NUMBER 572020CP000520 (IN RE: ESTATE OF ROBERT A. SCHMIDT) (Janet Schmidt's father) that Ms. Schmidt is a party to in the Circuit Court of Santa Rosa County Florida.

19. Finally, on that date, Atty. Antunez also took the same Arbitration Demand that he had submitted to AAA in confidence and caused it to be filed in the docket of CASE NUMBER 572023CA000530 (SCHMIDT, JOHN J. VS SCHMIDT, JANET L.) (Janet Schmidt's now deceased brother) that Ms. Schmidt is a party to in the Circuit Court of Santa Rosa County Florida.

20. As with his Arbitration Demand, Atty. Antunez' filing in the above three court cases included Plaintiffs' Retainer Agreement with the Law Firm and all of Plaintiffs' confidential billing records, which contained descriptions of client conversations, research conducted, and litigation strategies. However, Atty. Antunez made no attempt to place Plaintiff's confidential attorney-client records under seal before filing them in the three different court dockets.

21. When confronted about his unsealed filing of Plaintiffs' confidential records on court dockets that were readily accessible to Plaintiff Schmidt's adversaries in those cases, Atty. Antunez claimed he had done so in order to put Plaintiffs on notice of the Arbitration Demand he had submitted to AAA.

22.     Subsequent to Atty. Antunez' filing of his Arbitration Demand with AAA and in the dockets of three cases in Santa Rosa County, Plaintiffs filed a Complaint against the Stokes Law Firm for Declaratory Judgment--Breach of Contract and Breach of Fiduciary Duty in Miami-Dade County Circuit Court (Case No. 2023-015113-CA-01) on April 11, 2023.  That complaint was aimed at determining the enforceability of the Retainer Agreement and arbitrability of Atty. Antunez' Arbitration Demand. The Miami-Dade case is only relevant to the instant Complaint in that it was the venue in which Atty. Martinez- Lejarza later committed one of Defendants' tortious actions that are the subject of this Complaint.

23.     On April 17, 2023, without having been served with the complaint that Plaintiffs filed in Miami-Dade Circuit Court, Atty. Martinez-Lejarza entered her appearance in the case by filing a Motion to Compel Arbitration of Atty. Antunez's Arbitration Demand.

24.     In the course of the Miami Dade case, Atty. Martinez-Lejarza subsequently filed another pleading entitled "Renewed Motion to Compel Arbitration" in the docket for that case on June 12, 2023.

25.     Incredibly, Atty. Martinez-Lejarza's "Renewed Motion" included, as an exhibit, the same Retainer Agreement that her partner, Atty. Antunez, had filed months earlier in Plaintiff Janet Schmidt's three cases in Santa Rosa County.

26.     The standard of care required that Atty. Martinez-Lejarza's Renewed Motion include only the arbitration clause of the Retainer Agreement and the AAA arbitration demand form that the Law Firm submitted. The entire Retainer Agreement should not have been entered into the court docket, even if it had been properly sealed, which it was not.

27.     Just as with Atty. Antunez' unsealed filing of Plaintiffs' confidential attorney-client information in Santa Rosa County, his partner Atty. Martinez-Lejarza filed Plaintiffs' privileged

5

attorney-client information in Miami-Dade County without satisfying her obligation to ensure that her filing was done in a confidential manner.

28. As detailed above, Attys' Antunez and Martinez-Lejarza published Plaintiffs' privileged attorney-client records four different times in Florida court dockets without their permission or consent, and those records were readily accessible, to Plaintiffs' current litigation adversaries.

29. On November 3, 2023, the Miami-Dade Court issued an order that referred Atty. Antunez' Arbitration Demand to AAA for arbitration. That order is currently on appeal with the Third District Court of Appeals.

## STATEMENT OF CLAIM

### Count 1

### Invasion of Privacy - Publication of Private Facts

### (As to both Defendants)

30. Paragraphs 1 through 29 are incorporated herein by reference.

31. On October 17, 2022, Atty. Antunez intentionally published Plaintiffs' Retainer Agreement and all of Plaintiffs' detailed Billing Records by filing them, without Plaintiffs' knowledge or consent, in the docket for CASE NUMBER 572020CP000039 (IN RE: ESTATE OF VIOLA G. SCHMIDT) (Janet Schmidt's mother) that Ms. Schmidt is a party to in the Circuit Court of Santa Rosa County Florida. Atty. Antunez' filing of private client records was not designated as confidential. Atty. Antunez effected this filing in the above case even though he was neither a party to the case nor counsel for a party to the case. Furthermore, the filing contained the confidential client records of Plaintiff Fernstrom, who was not even a party to the case in which they were being filed.

32. Likewise, on October 17, 2022, Atty. Antunez intentionally published Plaintiffs' Retainer Agreement and all of Plaintiffs' detailed Billing Records by filing them, without Plaintiffs' knowledge or consent, in the docket of CASE NUMBER 572020CP000520 (IN RE: ESTATE OF ROBERT A. SCHMIDT) (Janet Schmidt's father) that Ms. Schmidt is a party to in the Circuit Court of Santa Rosa County Florida. Atty' Antunez' filing of private client records was not designated as confidential. Atty. Antunez effected this filing in the above case even though he was neither a party to the case nor counsel for a party to the case. Furthermore, the filing contained the confidential client records of Plaintiff Fernstrom, who was not even a party to the case in which they were being filed.

33. Finally, on that same date, Atty. Antunez also intentionally published Plaintiffs' Retainer Agreement and all of Plaintiffs' detailed Billing Records by filing them, without Plaintiffs' knowledge or consent, in the docket of CASE NUMBER 572023CA000530 (SCHMIDT, JOHN J. VS SCHMIDT, JANET L.) (Janet Schmidt's now deceased brother) that Ms. Schmidt is a party to in the Circuit Court of Santa Rosa County Florida. Atty. Antunez' filing of private client records was not designated as confidential. Atty. Antunez effected this filing in the above case even though he was neither a party to the case nor counsel for a party to the case.

34. As part of Plaintiffs' confidential attorney-client relationship with Atty. Antunez, Plaintiffs' Retainer Agreement and all of Plaintiffs' detailed Billing Records contain privileged private facts. Those facts and the privilege that attaches to them belong exclusively to Plaintiffs, who have not waived their privilege of confidentiality that protects those private records or delegated that privilege to anyone.

35. In the face of the Rules Regulating the Florida Bar, which require attorneys to keep their client's records confidential, Atty. Antunez's publication of his clients' (Plaintiffs') private facts

is clearly offensive, impermissible, and against public policy. Moreover, Florida Statute 90.502 regarding the lawyer-client privilege makes clear that a communication between lawyer and client is confidential and is not to be disclosed without the client's permission.

36. Furthermore, Atty. Antunez' unsealed filing of Plaintiffs' privileged attorney-client information in the above court dockets violates Rule 2.420 of the Florida Rules of Judicial Administration, which requires that certain classes of privacy-protected records that are entered into the judicial record keeping system, such as Plaintiffs' attorney-client information, be kept confidential.

37. In fact, in order to prevent inadvertent filings of unsealed confidential documents in Florida's E-Filing Portal, the "File Documents on Existing Case to Clerk" section of the portal prominently displays a "WARNING" note, in red, in not one, but two, places in that section, such that filers cannot make a docket entry without seeing those two warnings. Both warnings read as follows:

> WARNING: As an attorney or self-represented filer, you are responsible to protect confidential information under Florida Rules of Judicial Administration 2.420 and 2.425. Before you file, please ensure that you have complied with these rules, including the need to complete a Notice of Confidential Information form or motion required under 2.420 regarding confidential information. Your failure to comply with these rules may subject you to sanctions."

38. At the time Atty. Antunez filed Plaintiffs private facts in the above three dockets of the Santa Rosa County Circuit Court, Defendant attorneys were not representing any party to those proceedings and had not intervened to become a party, and no rule or statute authorized Atty. Antunez to enter such filings.

39. Atty. Antunez' filing of Plaintiffs' private facts in the above three dockets of the Santa Rosa County Circuit Court was an abuse of Florida's electronic filing system.

8

40. Therefore, Atty Antunez' publication of his clients' private facts, despite the above legal prohibitions, represents a violation of Florida statutes that constitutes an 'intangible but nonetheless concrete injury". Spokeo, Inc. v. Robins 136 S. Ct., 1540 at 1549 (2016).

41. Moreover, in light of the above warnings, Atty. Antunez's unwarranted publication of Plaintiffs' private facts is especially offensive and, upon information and belief, was done with malicious intent and for no purpose other than to expose Plaintiff Schmidt's private facts to her litigation adversaries in retaliation for Plaintiffs terminating Law Firm and disputing its billings.

42. Atty. Antunez' publication of Plaintiffs' private information in several of Plaintiff Schmidt's court cases was irrelevant to his pursuit of any contract claims contained in his Arbitration Demand. That is because the Arbitration Demand already contained Plaintiffs' confidentially filed private information.

43. The private information contained in Plaintiffs' Retainer Agreement and all of Plaintiffs' detailed Billing Records are not of public concern.

44. On June 12, 2023, Atty. Martinez-Lejarza intentionally published Plaintiffs' Retainer Agreement by filing it, without Plaintiffs' knowledge or consent, in the docket for Case Number 2023-015113-CA-01 in the Circuit Court for Miami-Dade County Florida. Ms. Martinez-Lejarza filed Plaintiffs' private facts without satisfying her obligation to ensure that such filing was done in a confidential manner.

45. As part of Plaintiffs' confidential attorney-client file, Plaintiffs' Retainer Agreement contains private facts which belong exclusively to Plaintiffs. Plaintiffs have not waived their privilege of confidentiality that protects those private records or delegated that privilege to anyone.

46.     In the face of the Rules Regulating the Florida Bar, which require attorneys to keep their client's records confidential, Atty. Martinez-Lejarza's publication of her clients' (Plaintiffs') private facts is clearly offensive, impermissible, and against public policy.

47.     Moreover, Florida Statute 90.502 regarding the lawyer-client privilege makes clear that a communication between lawyer and client is confidential and is not to be disclosed without the client's permission.

48.     Furthermore, Atty. Martinez-LeJarza's unsealed filing of Plaintiffs' privileged attorney-client information in the above court docket violates Rule 2.420 of the Florida Rules of Judicial Administration, which requires that certain classes of privacy-protected records that are entered into the judicial record keeping system, such as Plaintiffs' attorney-client information, be kept confidential.

49.     In fact, in order to prevent inadvertent filings of unsealed confidential documents in Florida's E-Filing Portal, the "File Documents on Existing Case to Clerk" section of the portal prominently displays a "WARNING" note, in red, in not one, but two, places in that section, such that filers cannot make a docket entry without seeing those two warnings. Both warnings read as follows:

> WARNING: As an attorney or self-represented filer, you are responsible to protect confidential information under Florida Rules of Judicial Administration 2.420 and 2.425. Before you file, please ensure that you have complied with these rules, including the need to complete a Notice of Confidential Information form or motion required under 2.420 regarding confidential information. Your failure to comply with these rules may subject you to sanctions.

50.     Therefore, attorney Martinez-Lejarza's publication of her clients' private facts, despite the above legal prohibitions, represents a violation of Florida statutes that constitutes an

'intangible but nonetheless concrete injury". Spokeo, Inc. v. Robins 136 S. Ct., 1540 at 1549 (2016).

51. Moreover, in light of the above warnings, Atty. Martinez-Lejarza's unwarranted publication of Plaintiffs' private facts is especially offensive and, upon information and belief, was done with malicious intent and for no purpose other than to expose Plaintiff Schmidt's private facts to her litigation adversaries in retaliation for Plaintiffs terminating Law Firm and disputing its billings.

52. The private information contained in Plaintiffs' Retainer Agreement and all of Plaintiffs' detailed Billing Records are not of public concern.

## **RELIEF SOUGHT**

53. Paragraphs 1 through 52 are incorporated herein by reference.

54. Wherefore, Plaintiffs respectfully request that this Court grant them the following relief as a result of the tortious acts of Defendants described herein:

55. General and special damages in an amount to be determined at trial, but not less than $50,000, in order to compensate Plaintiffs for the injuries they have incurred as a result of Defendants' impermissible publication of their confidential attorney-client records in four different court proceedings.

56. Punitive damages in an amount to be determined at trial, but not less than $100,000, in order to set an example to the general public and members of the Florida Bar that publication of client files by an attorney is prohibited. The imposition of substantial punitive damages is also warranted in this instance as an appropriate sanction for Defendants making Plaintiffs' attorney-client records available for viewing by Plaintiffs' adversaries in three ongoing high-stakes litigations, in violation of Florida statutes prohibiting such conduct.

57. Attorney's fees and costs in an amount to be determined upon petition for same by Plaintiffs to this Court.

**DATED**:  June 26, 2024

Respectfully submitted,

s: /*Janet L. Schmidt*

Janet L. Schmidt
Florida Bar No.: 976776
*Counsel for Plaintiffs*
29242 Park View Drive
Dagsboro, DE 19939
Complaint Electronically Filed
(850) 377-6881
SchmidtJanetLouise@yahoo.com